Dear Mr. Andries:
In your capacity as Chairman of the Board of Commissioners of District Five Public Works Commission of St. Landry Parish ("Board"), you ask the opinion of this office concerning whether a citizen who has already served two terms as a commissioner on the Board becomes eligible for re-appointment to the Board after a period of time off of the Board.
The District Five Public Works Commission of St. Landry Parish ("Commission") was created pursuant to legislation authorizing the registered voters of each police jury district in St. Landry Parish to create a public works district. La.R.S. 48:602(A). The Commission is governed by a board of commissioners ("Board"), and each commissioner is appointed by the governing authority of St. Landry Parish for a term of two years.[1] La.R.S. 48:602(C) (D). The statute imposes a two-term limit for commissioners, specifically stating that "[n]o commissioner shall serve for more than two terms." La.R.S. 48:602(D)(4).
In order to find that a citizen who has already served two terms on the Board would be eligible for re-appointment to the Board after a period of time off of the Board, we would have to interpret this term limit provision as limiting a commissioner to two consecutive terms. There are several offices within state and local governments that are subject to consecutive-term-limit laws. The Louisiana Constitution, for example, imposes limits of two consecutive terms for the governor, and three consecutive terms for members of both houses of the legislature and members of the Public Service Commission. La.Const. Arts. III, § 4(E); *Page 2 
La.Const. Art. IV, §§ 3(B) 21(A)(2).[2] The legislature has imposed a statutory limit of three consecutive terms for all members of boards and commissions within the executive branch of state government. La.R.S. 42:3.2(A)(1).[3]Local governments have likewise been authorized to impose consecutive term limits on local elected officials. See, e.g., La.R.S. 33:381.3. It is instructive that each of the statutes imposing these consecutive-term limits specifically uses the term "consecutive" in the language of the statute.
The legislature's inclusion of the word "consecutive" in the term-limit statutes cited in the preceding paragraph, together with the omission of the word "consecutive" from the term limit provisions of La.R.S.48:602(D)(4), suggests that we may not interpret the term limit provisions of La.R.S. 48:602(D)(4) as consecutive-term limits. When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search if the intent of the legislature. La.Civ.C. art. 9. The term limit provision for members of the Board clearly and succinctly limits service on the Board for any one person to two terms. La.R.S. 48:602(D)(4).
It is therefore the opinion of this office that a citizen who has already served two terms as a commissioner on the Board of Commissioners of the District Five Public Works Commission of St. Landry Parish is not eligible for re-appointment after a period of time off of the Board. *Page 3 
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please contact our office.
 Sincerely yours,
 JAMES "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Charles W. Belsom, Jr. Assistant Attorney General
 JDC:CWB:lrs
[1] Of the initial appointees to the Commission, half of the commissioners served one-year terms, the other half served regular two-year terms. La.R.S. 48:602(D)(2).
[2] The actual term limits apply by rendering a governor who has served one and one-half terms within two consecutive terms, and those legislators and commissioners who have served two and one-half terms within three consecutive terms, ineligible for re-election. La.Const. Arts. III, § 4(E); La.Const. Art. IV, §§ 3(B) 21(A)(2).
[3] Once again, the precise term limit applies to those members who have served two and one-half terms within three consecutive terms. La.R.S. 42:3.2(A)(1). The statute imposes an additional limit of twelve years for members of state boards and commissions, regardless of the number of terms. Id.